# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIO WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-14-61-W ) |
| CHAD MILLER, Warden, et al., | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff is a state inmate currently incarcerated at Lexington Correctional Center (LCC) in Lexington, Oklahoma. Doc. 17. Plaintiff initiated a civil rights complaint alleging that he suffered numerous constitutional violations while housed at Cimarron Correctional Facility (CCF) in Cushing, Oklahoma. Doc. 1. United States District Court Judge Lee R. West referred the matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). Currently before the court is Plaintiff's "Motion for Temporary Restraining Order and Preliminary Injunction," wherein he seeks an order instructing CCF officials to provide him with medical treatment. Doc. 2. The undersigned recommends that the court deny the motion.

I. Analysis.

Since filing his complaint and request for injunctive relief, Plaintiff has been transferred to another prison. Therefore, this Court cannot provide Plaintiff with his requested relief. That is, a court order to CCF officials would be useless, because Plaintiff is no longer in their custody. And, an injunction binds only "the parties" to the action and "other persons who are in active concert or participation" with them. Fed. R. Civ. P. 65(d)(2). The rule entails proof of "'alter ego, collusion, or identity of interest.'" *Reliance Ins. Co. v. Mast Constr. Co.*, 84 F.3d 372, 377 (10th Cir. 1996). Plaintiff has never suggested that LCC officers are in active concert or participation with CCF officials, so the court cannot order LCC officials to provide Plaintiff with his requested treatment. Indeed, the court does not even know whether Plaintiff has received the requested treatment at his new correctional center.

For these reasons, the undersigned finds that Plaintiff's "Motion for Temporary Restraining Order and Preliminary Injunction," Doc. 2, is moot and the court should deny it on that ground. *See Toevs v. Milyard*, 563 F. App'x 640, 645 (10th Cir. 2014) ("Transfer generally moots an inmate's claims for remedies of declaratory and injunctive relief."); *Rodriquez v. Wiley*, No. 08-cv-02505-PAB-CBS, 2010 WL 1348021, at *1 (D. Colo. Mar. 31, 2010) (unpublished order) (noting that since filing his request for injunctive relief challenging "the alleged lack of treatment for his medical condition[,]" the

inmate-plaintiff had been transferred, and holding that "[t]his transfer has mooted plaintiff's request for injunctive relief, as defendants no longer control his medical treatment").

## II. Recommendation and notice of right to object.

Based on the above, the undersigned finds that Plaintiff's "Motion for Temporary Restraining Order and Preliminary Injunction," Doc. 2, is moot and recommends that the court deny it as such.

Plaintiff can object to this report and recommendation. To do so, he must file an objection with the Clerk of this Court by September 15, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned advises Plaintiff that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation does not terminate the referral to the undersigned Magistrate Judge.

Entered this 29th day of August, 2014.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE